**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6036**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY ALLEN MITCHELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell III, District Judge. (1:13-cr-00234-GLR-1)

Submitted: October 28, 2021                    Decided: November 2, 2021

Before KING, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Seth A. Rosenthal, Jonathan K. Hettleman, VENABLE LLP, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, P. Michael Cunningham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Allen Mitchell appeals the district court's order denying his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We previously granted the Government's consent motion for a limited remand to allow the district court to provide additional explanation for its decision to deny Mitchell's motion. On remand, using a § 3582(c)(1)(A) form order, the district court checked a box labeled "DENIED after complete review of the motion on the merits" and noted that "[t]he [c]ourt considered the serious nature and circumstances of the offense" and "the defendant's medical conditions and the Bureau of Prisons' response to those conditions and the COVID pandemic"; "[t]he defendant has a significant criminal history"; "[t]he small percentage of time the defendant has been incarcerated"; and [t]he need for general and specific deterrence." (J.A. 39).* For the reasons that follow, we vacate the district court's order and remand for further proceedings.

The district court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). We review the denial of a motion for compassionate release under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, __ S. Ct. __, No. 21-5624, 2021 WL 4733616 (U.S.

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

2

Oct. 12, 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

While there is no "categorical . . . requirement" that a district court explicitly address each of the defendant's arguments in support of his compassionate-release motion, *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021), a court "must adequately explain the chosen sentence to allow for meaningful appellate review" in light of the circumstances of the particular case, *id.* at 188 (internal quotation marks omitted). When a case is "relative[ly] simpl[e]," this requirement is satisfied if the order denying relief shows that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion. *Id.* at 190-91 (emphases and internal quotation marks omitted). For example, where the judge who decides a defendant's § 3582(c)(1) motion is "the same judge who had sentenced him originally," and the defendant files his motion shortly after his original sentencing, "it is hardly surprising" that the judge would deny the motion. *Id.* at 189 (alteration and internal quotation marks omitted). However, when a defendant "present[s] a 'significant amount of [post-sentencing] mitigation evidence,' . . . 'a more robust and detailed explanation' [is] required." *Id.* at 190 (quoting *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)).

Here, Mitchell's § 3582(c)(1) motion was not simple. The judge who denied his motion was not the judge who originally sentenced him over seven years ago; accordingly, the judge's reasoning in denying Mitchell's motion was not intuitively obvious. Moreover,

3

the district court's explanation does not reflect that Mitchell presented "a mountain of new mitigating evidence," including reclassification to a low-security facility, zero disciplinary infractions, an extensive history of program participation, a work history in positions of trust, and recovery from the drug addiction that led to the instant offense. *See Martin*, 916 F.3d at 396-97 (remanding for district court to provide an "individualized explanation for why Martin's steps toward rehabilitation" did not warrant relief when she presented "a mountain of new mitigating evidence that the sentencing court never evaluated"). And, contrary to the court's finding that Mitchell had been incarcerated for a small percentage of his sentence, he had already served 70% of that sentence at the time of the court's ruling. We are therefore unable to conduct a "meaningful appellate review" in light of the particular circumstances of this case. *See High*, 997 F.3d at 189.

We thus vacate the district court's order and remand for further proceedings. We express no view as to the merits of Mitchell's compassionate-release motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4